IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MICKEY LEE MOODY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | 1:16-CV-00385-LSC-SRW |
| | ) | (1:05-CR-00195-LSC-SRW-1) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

The Court has before it Petitioner Mickey Lee Moody's ("Moody") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Government has responded in opposition to this motion. (Doc. 7.) For the reasons stated below, the motion is due to be denied.

I. BACKGROUND

On September 8, 2005, Moody was charged with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), with penalties at 18 U.S.C. § 924(e)(1). He pled guilty to that count on April 10, 2006. The Presentence Investigation Report ("PSR") recommended that Moody's sentence

be enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 922(g), because it concluded that he had at least three prior convictions for "violent felonies" that were committed on occasions different from one another. The PSR classified the following Florida and Alabama convictions as either serious drug offenses or "violent felonies:"

    i.    Florida burglary of a dwelling (PSR, ¶¶ 21, 32);

    ii.    Alabama burglary, 3rd degree (*id.* ¶¶ 21, 33);

    iii.    Alabama, serious drug offense (conspiracy to violate the controlled substance act; smuggling marijuana into the United States) (*id.* ¶¶ 21, 39).

On September 7, 2006, this Court sentenced Moody to the ACCA minimum—a 180-month term of imprisonment. The Court also ordered a 36-month term of supervised release upon his release from imprisonment. Moody appealed, and the Eleventh Circuit Court of appeals affirmed Moody's convictions and sentence. Moody filed a motion pursuant to § 2255 on January 21, 2008. (Docketed in Civil Case No. 1:08-cv-00063-MHT.) The Court denied that motion on the merits on April 15, 2010. Moody appealed and that appeal was denied by the Eleventh Circuit in Case No. 10-13597-D. Moody filed the instant § 2255 motion on May 23, 2016.

## II.   Discussion

This is Moody's second motion filed pursuant to § 2255, and it is due to be denied for lack of jurisdiction. 28 U.S.C. § 2255(h) requires Moody to follow the procedures of 28 U.S.C. § 2244(b)(3)(A), which states, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." While Moody received authorization to file a second or successive petition after he filed the instant motion, the statutory language, requiring authorization *before* filing the petition, requires this Court to dismiss this motion for lack of jurisdiction.[1]

### III. CONCLUSION

For the foregoing reasons, Moody's § 2255 motion is due to be denied. Additionally, this Court may issue a certificate of appealability "only if the application has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jursits would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to

---

[1] Further, to the extent that this Court would have jurisdiction over the instant petition through the later-granted authorization, Moody's claims are moot as this Court has granted the relief to which Moody was authorized to seek in a separate action. (Civil Case No. 1:16-cv-00458-LSC-SRW.)

proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). This Court finds that Moody's claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in the defendant's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON AUGUST 3, 2016.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704